IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60397
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES EDWARD SPARKMAN, also known as Edward Charles Sparkman,
also known as Popa Charlie,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-200-1

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Charles Edward Sparkman of being a convicted felon in possession of a firearm. The district court sentenced him to 294 months of imprisonment and a five-year term of supervised release. Sparkman filed a timely notice of appeal.

Sparkman contends that the district court should have instructed the jury to approach with great care and caution the testimony of interested witnesses. However, because Sparkman did not request such an instruction on the record,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of the instruction given regarding the credibility of witnesses is reviewed only for plain error. See United States v. Redd, 355 F.3d 866, 874-76 & n.8 (5th Cir. 2003). The instruction given tracked this court's pattern jury instructions. Sparkman has not shown plain error in this regard. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005); United States v. Foy, 28 F.3d 464, 474 (5th Cir. 1994).

Sparkman argues that he was denied a fair trial when the prosecutor made improper comments during closing argument. This argument, too, is reviewed only for plain error as it was not raised in the district court. The inference argued by the prosecutor, that Sparkman could have thrown a gun from a car window without a pursuing law enforcement officer noticing, was supported by the evidence adduced at trial. Accordingly, the comment was not improper, and Sparkman has not shown plain error. See United States v. Munoz, 150 F.3d 401, 414-15 (5th Cir. 1998).

Sparkman argues that his Sixth Amendment rights were violated when he was allowed to proceed pro se at sentencing without a sufficient colloquy to establish that he knowingly and unequivocally waived his right to counsel. We agree. Because the sentencing transcript in Sparkman's case contains no Faretta[1] colloquy demonstrating that the district court warned him of the "perils and disadvantages of self-representation," particularly before attempting "to navigate the Guidelines' various potentialities on his own," we vacate Sparkman's sentence and remand for resentencing. See United States v. Virgil, 444 F.3d 447, 454, 456 (5th Cir. 2006). That being so, we do not address the other sentencing issue Sparkman now raises. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.

---

[1] Faretta v. California, 422 U.S. 806, 833-35 (1975).