# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2010

No. 09-60006
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES EDWARD SPARKMAN, also known as Edward Charles Sparkman, also known as Popa Charlie,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-200-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Edward Sparkman was convicted of being a felon in possession of a firearm. *United States v. Sparkman*, 289 F. App'x 12, 13 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 939 (2009). We affirmed Sparkman's conviction but remanded the case for resentencing because Sparkman had not been adequately warned about the disadvantages of representing himself at sentencing. *Id.* On remand, Sparkman was represented by counsel and sentenced to 294 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment and a five-year term of supervised release. Sparkman now appeals that sentence.

Sparkman was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). He argues that neither his 1990 conviction for armed robbery, his 1984 conviction for house burglary, nor his 1988 conviction for burglary of an occupied dwelling were violent felonies that qualified as predicate convictions for the enhancement. Because Sparkman concedes that he has two other such predicate convictions, the enhancement was appropriate if any one of the three convictions at issue was a qualifying conviction. *See* § 924(e). Employing a categorical approach, s*ee Taylor v. United States*, 495 U.S. 575, 602 (1990), and looking only to the documents approved by *Shepard v. United States*, 544 U.S. 13, 16 (2005), we conclude that each of the challenged convictions was a qualifying predicate conviction that supported the enhancement. *See Taylor*, 495 U.S. at 598, 602.

Sparkman's brief includes additional arguments that the district court erred in applying offense level enhancements under U.S.S.G. § 2K2.1 and 3C1.1 because the facts supporting those enhancements had not been proven beyond a reasonable doubt to a jury. However, because Sparkman's sentence was the result of the armed career criminal enhancement, the district court's determinations with respect to the § 2K2.1 and § 3C1.1 enhancements are irrelevant. Accordingly, we do not reach these arguments.

AFFIRMED.